IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT, EASTERN DIVISION

| | |
|---|---|
| GIROLAMO MANGIAMELI, ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | |
| v. ) | JURY TRIAL REQUESTED |
| ) | |
| SKOKIE MOTOR SALES, INC, d/b/a ) | |
| SHERMAN DODGE, an Illinois Corporation, ) | |
| and GROSSINGER AUTOPLEX, INC., ) | |
| an Illinois Corporation, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES, Plaintiff, GIROLAMO MANGIAMELI, by and through his counsel, CLARISSA Y. CUTLER, and BURTNETT LAW OFFICE and complaining of Defendants, hereby states as follows:

## PRELIMINARY STATEMENT

1. This is an action seeking redress for violation of rights guaranteed to Plaintiff by Americans with Disabilities Act, 42 U.S.C § 12101, *et seq*, and for retaliation in response to Plaintiff's filing of an action with the Equal Employment Opportunity Commission. Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.

## PARTIES

2. Plaintiff GIROLAMO "Jerry" MANGIAMELI is a citizen of the State of Illinois residing in Elmwood Park, Illinois.

3. Defendant SKOKIE MOTOR SALES, INC. d/b/a SHERMAN DODGE, is an employer within the meaning of the American with Disabilities Act, and the location for which

1

plaintiff worked at the time of the events in question is located in Skokie, Illinois. At all times relevant to plaintiff's claims, defendant has employed 15 or more employees.

4. Defendant GROSSINGER AUTOPLEX, is an employer within the meaning of the American with Disabilities Act, and the location for which plaintiff worked at the time of the events in question is located in Libertyville, Illinois. At all times relevant to plaintiff's claims, defendant has employed 15 or more employees.

## JURISDICTIONAL STATEMENT

5. Jurisdiction of this Court is proper under the Americans with Disabilities Act, for discrimination based upon a disability. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, and 28 U.S.C. §1343(4).

## VENUE

6. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2) as Defendant SKOKIE MOTOR SALES, INC. d/b/a SHERMAN DODGE is a business located in the County of Cook, City of Skokie, State of Illinois, and that Defendant GROSSINGER AUTOPLEX is a business located in the County of Cook, City of Lincolnwood, State of Illinois. Both Defendant businesses are located within the Northern District of Illinois, Eastern Division, and the unlawful employment practices giving rise to Plaintiff's claims occurred in this District and Division.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff has met all of the administrative prerequisites to bringing this action in federal court in that he timely filed charges against the both Defendants asserting the acts of discrimination indicated in this Complaint with the United States Equal Employment Opportunity Commission ("EEOC"). A copy of the charges are attached to this complaint as Exhibit A.

8. The EEOC issued three *Notices of Right to Sue*, the first of which was received by the Plaintiff via certified mail on June 14, 2011. A copy of the *Notices of Right to Sue* are attached to this complaint as Exhibit B.

9. Plaintiff's complaint is timely filed within 90 days of the receipt of the first *Notice of Right to Sue*.

## COMMON ALLEGATIONS TO ALL CLAIMS

10. Jerry Mangiameli was hired as Finance Director at Sherman Dodge on July 18, 2008.

11. During Plaintiff's employment with Sherman Dodge, Plaintiff's job performance met or exceeded the employer's legitimate expectations and there were no active disciplinary actions in his personnel file.

12. On August 19, 2008, Mr. Mangiameli approached his manager, Mark Shift, and requested the day off on Monday, August 25, 2008 for a doctor's appointment.

13. Mr. Mangiameli explained that the appointment was for follow up treatment for a subarachnoid cerebral hemorrhage that he had suffered in April, 2007.

14. Mr. Mangiameli was told by Mr. Shift not to say anything to anyone about his medical condition or treatment.

15. On August 22, 2008, Sherman Dodge General Manager Dave Demma fired Mr. Mangiameli without any explanation.

16. In September of 2008, after his termination from Sherman Dodge, Plaintiff was hired by Grossinger Autoplex.

3

17. During Plaintiff's employment with Sherman Dodge, Plaintiff's job performance met or exceeded the employer's legitimate expectations and there were no active disciplinary actions in his personnel file.

18. In September, 2008, Mr. Mangiameli requested time off, to be taken in October, 2008 for a medical procedure related to his subarachnoid cerebral hemorrhage condition.

19. At that time, Mr. Mangiameli's boss at Grossinger, Mike Bronner, told Mr. Mangiameli that he had been told by Sherman Dodge employee/agent Jeff Sweagert that Mr. Mangiameli had a brain tumor. Mr. Mangiameli also later became aware of a comment by Mr. Sweagert that Mr. Mangiameli had been fired by Sherman Dodge because there was "something wrong with his head."

20. On October 14, 2008, Mr. Mangiameli filed a charge of discrimination with the Equal Employment Opportunity Commission against Sherman Dodge.

21. In mid-December of 2008, Mr. Mangiameli was terminated by Grossinger just days before he was about to join the Grossinger employee group insurance plan.

22. According to later statements from Grossinger personnel, Mr. Mangiameli was fired due to his disability.

## COUNT I

**Sherman Dodge – Discrimination Under Americans with Disabilities Act - Termination**

21. Plaintiff realleges and incorporates by reference paragraphs 1-22 above as paragraph 21 of Count I.

22. Mr. Mangiameli has suffered from and does suffer from a subarachnoid cerebral hemorrhage condition.

4

23. Mr. Mangiameli has a record of physical impairment that has and does substantially limit major life activities as defined under the Ameriancans with Disabilities Act.

24. Mr. Mangiameli was qualified to be Finance Director at Sherman Dodge.

25. Defendant discriminated against Plaintiff by terminating his employment based upon his medical condition.

26. In addition, upon information and belief, other employees without medical conditions were treated more favorably than Plaintiff

27. The effect of defendant's discriminatory employment practices has been to deny Plaintiff equal employment opportunities, income in the form of wages, and other benefits of employment because his medical condition.

28. Moreover, Plaintiff suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses due to his firing.

29. Plaintiff suffered lost future earnings based upon his firing.

30. Defendant engaged in these discriminatory practices with malice or with reckless indifference.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment in his favor and:

(a) declare that the acts and practices complained of are violations of the Americans with Disabilities Act, as amended;

(b) direct defendant to make Plaintiff whole for all earnings and benefits he would have received but for defendant's discriminatory treatment, including awarding plaintiff back pay, prejudgment interest, damages for all employment benefits she lost, and any other recoverable compensatory damages;

5

(c) award Plaintiff damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses due to his firing;

(d) award Plaintiff lost future earnings;

(e) direct Defendant to pay punitive damages based upon its actions;

(f) award reasonable attorney's fees and costs; and

(g) order any other relief that the Court deems just and equitable.

## COUNT II

### Sherman Dodge – Interference with a Contractual Relationship

31. Plaintiff realleges and incorporates by reference paragraphs 1-30 above as paragraph 31 of Count II.

32. Plaintiff had a contractual relationship for employment in place with Grossinger Autoplex.

33. Sherman Dodge, via their agent Jeff Sweagert was aware of Plaintiff's relationship with Grossinger Autoplex.

34. While Plaintiff Mangiameli was employed by Grossinger Autoplex, Mr. Sweagert, as agent of Sherman Dodge, told Plaintiff's direct supervisor at Grossinger, Mike Bronner, that Mr. Mangiameli had a brain tumor. Mr. Mangiameli also later became aware of a comment by Mr. Sweagert that Mr. Mangiameli had been fired by Sherman Dodge because there was "something wrong with his head."

35. These statements by Mr. Sweagert, as agent of Sherman Dodge, intentionally and unjustifiedly induced Grossinger Autoplex to breach its contract with Mr. Mangiameli by terminating his employment.

6

36. Due to this unjustified breach of his employment contract, Plaintiff suffered damages.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in his favor and award contractual damages suffered by Plaintiff due to the actions of Defendant Sherman Dodge.

## COUNT III

### Grossinger Autoplex – Discrimination Under Americans with Disabilities Act – Termination

37. Plaintiff realleges and incorporates by reference paragraphs 1-36 above as paragraph 37 of Count I.

38. Mr. Mangiameli has suffered from and does suffer from a subarachnoid cerebral hemorrhage condition.

39. Mr. Mangiameli has a record of physical impairment that has and does substantially limit major life activities as defined under the Ameriancans with Disabilities Act.

40. Mr. Mangiameli was qualified to be Finance Director at Grossinger Autoplex.

41. Defendant discriminated against Plaintiff by terminating his employment based upon his medical condition.

42. In addition, upon information and belief, other employees without medical conditions were treated more favorably than Plaintiff

43. The effect of defendant's discriminatory employment practices has been to deny Plaintiff equal employment opportunities, income in the form of wages, and other benefits of employment because his medical condition.

44. Moreover, Plaintiff suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses due to his firing.

45. Plaintiff suffered lost future earnings based upon his firing.

46. Defendant engaged in these discriminatory practices with malice or with reckless indifference.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment in his favor and:

(a) declare that the acts and practices complained of are violations of the Americans with Disabilities Act, as amended;

(b) direct defendant to make Plaintiff whole for all earnings and benefits he would have received but for defendant's discriminatory treatment, including awarding plaintiff back pay, prejudgment interest, damages for all employment benefits she lost, and any other recoverable compensatory damages;

(c) award Plaintiff damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses due to his firing;

(d) award Plaintiff lost future earnings;

(e) direct Defendant to pay punitive damages based upon its actions;

(f) award reasonable attorney's fees and costs; and

(g) order any other relief that the Court deems just and equitable.

## COUNT IV

**Grossinger Autoplex – Discrimination Under Americans with Disabilities Act - Insurance**

47. Plaintiff realleges and incorporates by reference paragraphs 1-46 above as paragraph 47 of Count I.

48. Mr. Mangiameli has suffered from and does suffer from a subarachnoid cerebral hemorrhage condition.

49. Mr. Mangiameli has a record of physical impairment that has and does substantially limit major life activities as defined under the Americans with Disabilities Act.

8

50. Mr. Mangiameli was qualified to be Finance Director at Sherman Dodge.

51. Defendant discriminated against Plaintiff by terminating his employment based motivation about the impact of the Plaintiff's disability on the employer's health insurance plan. 29 C.F.R. § 1630.15(a).

52. The effect of defendant's discriminatory employment practices has been to deny Plaintiff equal employment opportunities, income in the form of wages, and other benefits of employment because his medical condition.

53. Moreover, Plaintiff suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses due to his firing.

54. Plaintiff suffered lost future earnings based upon his firing.

55. Defendant engaged in these discriminatory practices with malice or with reckless indifference.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment in his favor and:

(a) declare that the acts and practices complained of are violations of the Americans with Disabilities Act, as amended;

(b) direct defendant to make Plaintiff whole for all earnings and benefits he would have received but for defendant's discriminatory treatment, including awarding plaintiff back pay, prejudgment interest, damages for all employment benefits she lost, and any other recoverable compensatory damages;

(c) award Plaintiff damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses due to his firing;

(d) award Plaintiff lost future earnings;

(e) direct Defendant to pay punitive damages based upon its actions;

(f) award reasonable attorney's fees and costs; and

(g) order any other relief that the Court deems just and equitable.

## COUNT V

### Grossinger Autoplex – Retaliation

56. Plaintiff realleges and incorporates by reference paragraphs 1-55 above as paragraph 56 of Count I.

57. This Count is being pled in the alternative with respect to Counts III and IV.

58. On October 14, 2008, Mr. Mangiameli filed a charge of discrimination with the Equal Employment Opportunity Commission against Sherman Dodge.

59. Mr. Mangiameli has a record of physical impairment that has and does substantially limit major life activities as defined under the Ameriancans with Disabilities Act.

60. Under the ADA, it is unlawful for an employer, employment agency, or labor organization to discriminate against a person for making a charge, under the ADA.

61. Defendant discriminated against Plaintiff by terminating his employment based upon Plaintiff's ADA claim against Sherman Dodge.

62. The effect of defendant's discriminatory employment practices has been to deny Plaintiff equal employment opportunities, income in the form of wages, and other benefits of employment because his medical condition.

63. Moreover, Plaintiff suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses due to his firing.

64. Plaintiff suffered lost future earnings based upon his firing.

65. Defendant engaged in these discriminatory practices with malice or with reckless indifference.

10

WHEREFORE, plaintiff prays that this Honorable Court enter judgment in his favor and:

(a) declare that the acts and practices complained of are violations of Americans with Disabilities Act, as amended;

(b) direct defendant to make Plaintiff whole for all earnings and benefits he would have received but for defendant's discriminatory treatment, including awarding plaintiff back pay, prejudgment interest, damages for all employment benefits she lost, and any other recoverable compensatory damages;

(c) award Plaintiff damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses due to his firing;

(d) award Plaintiff lost future earnings;

(e) direct Defendant to pay punitive damages based upon its actions;

(f) award reasonable attorney's fees and costs; and

(g) order any other relief that the Court deems just and equitable.

## JURY TRIAL DEMAND

66. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

Respectfully Submitted,

By: /s/ Clarissa Y. Cutler
Clarissa Y. Cutler
Attorney for Plaintiff

Clarissa Y. Cutler
Attorney at Law
155 North Michigan Avenue, Suite 375
Chicago IL 60601
(312) 729-5067
Attorney Code No. 6257909

Justin Burtnett
Burtnett Law Office LLC
155 North Michigan Avenue, Suite 375
Chicago IL 60601
(312) 574-0155
Attorney Code No. 6281100